Henry Eiler LITTLE, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–00853–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 22, 1993.

Rehearing Denied May 13, 1993.

David Daugherty, Galveston, for appellant.

B. Warren Goodson, Jr., Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

The appellant pled not guilty to the offense of burglary. The case proceeded to trial on June 1, 1992. After the jury was selected and sworn, the jurors were instructed to return to the courtroom at 10:30 A.M. the next day, to begin hearing evidence. Only eleven jurors returned the next morning. After waiting roughly three hours for the twelfth juror, the trial court ordered a mistrial *sua sponte*. The appellant filed an application for writ of habeas corpus in the trial court claiming that the prosecution was barred by double jeopardy. The trial court denied relief. On appeal, we consider whether the trial court abused its discretion by denying the writ.

We find that the appellant consented to the mistrial. Express consent is not required. Consent to a mistrial may be implied from the totality of the circumstances attendant to the declaration of a mistrial. *Torres v. State*, 614 S.W.2d 436, 441 (Tex.Crim.App. [Panel Op.] 1981) (citations omitted). If a defendant has an adequate opportunity to object, yet fails to do so, his consent will be implied. *Id.* The trial judge informed both the state and the defense that he was considering granting a

mistrial, and asked for suggestions. The state indicated it did not oppose a mistrial, provided that they could pick another jury the following day. The appellant's attorney stated that they would "be happy to sit here and wait and see if he shows up." Although he had ample opportunity, he did not object to the granting of a mistrial.

The appellant argues that he had no duty to object to the mistrial. He relies on *Ex parte Myers*, 618 S.W.2d 365 (Tex.Crim. App.1981), *cert. denied*, 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981). In *Ex parte Myers*, the trial court allowed the state to withdraw its announcement of ready because of an unforeseen change in the testimony of the state's key witness. The jury had already been impaneled and sworn. The trial court noted that the defendant did not expressly object or expressly consent to discharging the jury. A footnote in that case states: "that kind of silence does not amount to a waiver that bars a subsequently raised claim of double jeopardy." *Ex parte Myers*, 618 S.W.2d at 367, n. 1. The court of criminal appeals held that manifest necessity did not exist. *Id.* at 369. The defendant's subsequent conviction for the same offense was set aside on double jeopardy grounds. *Id.*

Initially, we note a fundamental difference between *Ex parte Myers* and the present case. In *Ex parte Myers*, the jury was discharged because the state's key witness changed her testimony. In the present case, one of the jurors failed to appear for the trial. The delay was not caused by the state. Furthermore, both of the cases cited in the footnote in *Ex parte Myers* involved facts quite different from the case at hand. *See Ex parte Jewel*, 535 S.W.2d 362 (Tex.Crim.App.1976); *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Crim.App.1974). Each of these cases involved defendants who were tried and convicted twice for events occurring during the same criminal transaction. In *Ex parte Jewel*, the defendant was convicted of murder. Several weeks later, he entered a plea of guilty in the same court for aggravated robbery. Both convictions involved the same transaction and the same victim. In setting aside the second conviction, the court noted that the

defendant's failure to object to the second prosecution did not constitute a waiver of the right to seek post-conviction relief by collateral attack. *Ex parte Jewel* at 365.

In *Ex parte Scelles*, the defendant was charged by a two count indictment. The first count alleged possession of narcotics. The second alleged possession of narcotics paraphernalia. Following trial on both counts, the state only submitted the first count to the jury. The jury found the defendant guilty. Four years later, the defendant pled guilty to possession of the narcotics paraphernalia that was the subject of the first trial. The court of criminal rejected the argument that the defendant waived his right to habeas corpus relief by pleading guilty. *Id.* at 301.

Both of these cases involved the carving doctrine. Under former law, the carving doctrine allowed the state to carve the largest offense possible out of a single transaction, but allowed it to cut only once. *Ex parte Jewel*, 535 S.W.2d at 364. In the context of the carving doctrine, the court of criminal appeals held that a failure to object on double jeopardy grounds did not waive the defendants' rights to relief. *Id.* at 365; *Ex parte Scelles*, 511 S.W.2d at 302. The carving doctrine has been abandoned in Texas. *Ex parte Mike*, 632 S.W.2d 594 (Tex.Crim.App.1982) (On Motion for Rehearing).

Taking the analysis one step further, we have reviewed the authority relied on in *Ex parte Jewel* and *Ex parte Scelles*. None of the cases hold that a defendant that fails to object to a mistrial may avoid retrial by raising a plea of double jeopardy. *See Ex parte Evans*, 530 S.W.2d 589 (Tex.Crim. App.1975) (carving doctrine); *DeLeon Leon v. State*, 55 Tex.Cr.R. 39, 114 S.W. 828 (1908) (carving doctrine); *Robinson v. State*, 21 Tex.App. 160, 17 S.W. 632 (1886) (defendant did not waive double jeopardy claim by failing to object to retrial after an implied acquittal); *Vela v. State*, 49 Tex. Cr.R. 588, 95 S.W. 529 (1906) (deadlocked jury was discharged outside presence of the defendant and his attorney; defendant did not waive double jeopardy claim by failure to include judgment discharging

jury in his plea of former jeopardy); *Samuels v. State*, 25 Tex.App. 537, 8 S.W. 656 (1888) (defendant must specifically plead former jeopardy unless he is retried in the same cause, and in the same court, after an implied acquittal); *Duckett v. State*, 454 S.W.2d 755 (Tex.Crim.App.1970) (carving doctrine). Although the footnote in *Ex parte Myers* appears to support the appellant's position, the cases cited in that footnote are taken out of context. We find that the appellant consented to the mistrial.

 Even if the appellant did not consent, we believe that manifest necessity existed for the mistrial. The decision to declare a mistrial rests within the sound discretion of the trial court. Under most circumstances, a trial judge must consider less drastic alternatives before granting a mistrial. *Torres v. State*, 614 S.W.2d at 442. The record in the instant case shows that less drastic measures were unsuccessful. The prosecutor called the juror's home, and was informed that he was not there. Sergeant Raeburn of the Galveston County Sheriff's Department also called the juror's residence. The juror was not at home. He called the juror's employer. The juror was not at work. Sergeant Raeburn then contacted the Friendswood Police Department to provide transportation for the juror. An officer went to the juror's residence but, once again, he was not there.

The appellant argues that the trial court failed to consider the alternatives of issuing a writ of attachment for the missing juror, or proceeding to trial with eleven jurors. Under these facts, it was reasonable for the trial court to believe that a writ of attachment would be futile. Furthermore, the trial court reasonably believed that the appellant was not willing to proceed to trial with eleven jurors. When asked for alternatives to a mistrial, the appellant stated only that he was willing to wait for the missing juror. The trial court and eleven jurors had already waited three hours. Based on the totality of the circumstances, we find that manifest necessity existed for a mistrial. We affirm the trial court's denial of the application for writ of habeas corpus.