

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00421-CR

## EX PARTE DARRNELL LEE SHIELDS,

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2008-1918-C1**

## MEMORANDUM  OPINION

Appellant Darrnell Lee Shields's first trial on three felony charges ended in a mistrial, and he sought habeas corpus relief in the trial court against retrial based on double jeopardy.  The trial court held a hearing but denied relief, and Shields appeals. We will affirm.

Shields is charged with the following third-degree felonies:  injury to a child, assault—family violence (enhanced), and attempted sexual assault.  Late on the first full day of testimony in the first trial, an extensive hearing was held outside the jury's presence about the defense's desire to impeach the alleged victim on a number of matters.  The trial court sustained the State's objections to evidence of the victim's prior relationships and fights with other women but permitted the defense to inquire into her

prior inconsistent statement to police. The next day, the defense attempted to recall the victim's mother to impeach the victim. The trial court sustained the State's objection, noting that the matters had previously been covered the day before on cross-examination.

Defense counsel then moved for a mistrial, noting that Shields's rights to a fair trial, cross-examination, and confrontation were violated and also re-urging a complaint about testimony of an extraneous threat made by Shields that was elicited the previous afternoon. The trial court denied the mistrial motion.

The State and the defense then argued to the trial court their disagreement over a limiting instruction for evidence of bad acts committed by the victim, and the State withdrew its request for a limiting instruction based on an agreement with the defense that the instruction be addressed in the jury charge. But later, in the charge conference, the defense did not agree to the limiting instruction proposed by the trial court, and the State agreed to have the instruction taken out. At this point, the trial court reflected on the trial as a whole and suggested that a mistrial might be appropriate:

> THE COURT: I'm concerned that there is so much potential err[or] in this matter already, not through anybody's intention. I'm not too sure a mistrial is not in order.
>
> [STATE]: Well, I mean, I would urge a mistrial at this point. I mean, I think that out of real misunderstanding for what was agreed to - - I don't think it's fair for them to be able to consider that fight for any reason whatsoever and for anything to be deduced from it. We had this whole hearing to try and figure out what it was being introduced for, and now, apparently, it was for everything. I mean, I didn't understand that.
>
> [DEFENSE]: It was as to Ashley Ross' testimony

THE COURT: Well, the defense had also previously moved for a mistrial on the record. I think in the interest of justice and fairness to both sides, that's what I'm going to do. I'm going to declare a mistrial. Let's bring the jury in.

In denying Shields habeas corpus relief on his double-jeopardy claim against retrial, the trial court issued findings of fact and conclusions of law and concluded that Shields impliedly consented to the mistrial. In this appeal, Shields's sole issue is that the trial court erred in refusing to grant Shields relief on his double-jeopardy claim.

In reviewing a trial court's ruling on a habeas claim, we review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Ex parte Graves*, 271 S.W.3d 801, 803 (Tex. App.—Waco 2008, pet. ref'd), *cert. denied*, 130 S.Ct. 261 (2009).

In a jury trial, jeopardy attaches when the jury is empaneled and sworn. *Moreno v. State*, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009). Once jeopardy attaches, as a general rule, a defendant has the right to have his guilt or innocence determined by the first trier of fact. *Torres v. State*, 614 S.W.2d 436, 441 (Tex. Crim. App. [Panel Op.] 1981).

> "The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *United States v. DiFrancesco*, 449 U.S. 117, 127 (1980) (quoting *Green v. United States*, 355 U.S. 184, 187 (1957)); *see Stephens*, 806 S.W.2d at 816.

> > [T]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

> *DiFrancesco* at 127-28 (quoting *Green* at 187-88) (alteration added). "[T]he

constitutional protection also embraces the defendant's 'valued right to have his trial completed by a particular tribunal.'" *Id.* at 128 (quoting *Arizona v. Washington,* 434 U.S. 497, 503 (1978)); *accord Wade v. Hunter,* 336 U.S. 684, 689 (1949); *see Kennedy,* 456 U.S. at 682 n.6; *Peterson,* 117 S.W.3d at 810.

*Graves,* 271 S.W.3d at 804.

"If that right to go to a particular tribunal is valued, it is because … the defendant has a significant interest in the decision whether or not to take the case from the jury when circumstances occur which might be thought to warrant a declaration of mistrial." *United States v. Dinitz,* 424 U.S. 600, 606, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976). "The important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error." *Id.* at 609, 96 S.Ct. at 1080.

But if the defendant consents to a mistrial or the mistrial is mandated by manifest necessity, the second prosecution (retrial) is not barred by double jeopardy. *Ex parte Fife,* 49 S.W.3d 35, 39 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing *Torres,* 614 S.W.2d at 441); *see Garner v. State,* 848 S.W.2d 656, 658 (Tex. App.—Fort Worth 1993, pet. ref'd).

> The initial inquiry on appeal is whether the defendant consented to mistrial. *Harrison v. State,* 767 S.W.2d 803, 806 (Tex. Crim. App. 1989). If there is evidence of consent, the issue of manifest necessity is immaterial. *Id.* Consent need not be express, but may be implied from the totality of the circumstances attendant to the declaration of mistrial. *Gori v. United States,* 367 U.S. 364, 366, 81 S.Ct. 1523, 1524-25, 6 L.Ed.2d 901, 903 (1961); *Little v. State,* 853 S.W.2d 767, 767 (Tex. App.—Houston [14th Dist.] 1993, no pet. h.); *Torres,* 614 S.W.2d at 441.

> Before failure to object constitutes an implied consent to a mistrial, a defendant must be given an adequate opportunity to object to the court's motion. *Gori,* 367 U.S. at 366, 81 S.Ct. at 1524-25, 6 L.Ed.2d at 903; *Little,* 853 S.W.2d at 767-68; *Torres,* 614 S.W.2d at 441-42. Moreover, consent will

not be inferred from a silent record. *Allen v. State,* 656 S.W.2d 592, 595 (Tex. App.—Austin 1983, no pet.).

*Garner,* 858 S.W.2d at 658-59.

We find that the trial court did not abuse its discretion in concluding that Shields impliedly consented to the mistrial. As the above-quoted colloquy reveals, Shields's two attorneys were present and had an adequate opportunity to respond and object to the trial court's suggestion of a mistrial, the State's mistrial motion, and their reasons therefor. *See id.* at 659. By not responding or objecting, Shields impliedly consented to the mistrial, and thus to retrial. *See id.* A second prosecution is not barred by double jeopardy. We overrule Shields's sole issue and affirm the trial court's order.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurs in the Court's judgment to the extent it affirms the trial court's order. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed April 14, 2010
Do not publish
[CR25]