IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00421-CR

 

Ex
parte Darrnell Lee Shields,

 

 

 



From the 19th District
Court

McLennan County, Texas

Trial Court No. 2008-1918-C1

 



MEMORANDUM  Opinion



 

            Appellant Darrnell Lee
Shields’s first trial on three felony charges ended in a mistrial, and he
sought habeas corpus relief in the trial court against retrial based on double
jeopardy.  The trial court held a hearing but denied relief, and Shields
appeals.  We will affirm.

            Shields is charged with the
following third-degree felonies:  injury to a child, assault—family violence
(enhanced), and attempted sexual assault.  Late on the first full day of
testimony in the first trial, an extensive hearing was held outside the jury’s
presence about the defense’s desire to impeach the alleged victim on a number
of matters.  The trial court sustained the State’s objections to evidence of
the victim’s prior relationships and fights with other women but permitted the
defense to inquire into her prior inconsistent statement to police.  The next
day, the defense attempted to recall the victim’s mother to impeach the
victim.  The trial court sustained the State’s objection, noting that the
matters had previously been covered the day before on cross-examination.

Defense counsel then moved for a
mistrial, noting that Shields’s rights to a fair trial, cross-examination, and
confrontation were violated and also re-urging a complaint about testimony of
an extraneous threat made by Shields that was elicited the previous afternoon. 
The trial court denied the mistrial motion.

The State and the defense then argued to
the trial court their disagreement over a limiting instruction for evidence of
bad acts committed by the victim, and the State withdrew its request for a
limiting instruction based on an agreement with the defense that the
instruction be addressed in the jury charge.  But later, in the charge
conference, the defense did not agree to the limiting instruction proposed by
the trial court, and the State agreed to have the instruction taken out.  At
this point, the trial court reflected on the trial as a whole and suggested
that a mistrial might be appropriate:

THE COURT:  I’m concerned that there is
so much potential err[or] in this matter already, not through anybody’s
intention.  I’m not too sure a mistrial is not in order.

 

[STATE]:  Well, I mean, I would urge a
mistrial at this point.  I mean, I think that out of real misunderstanding for
what was agreed to - - I don’t think it’s fair for them to be able to consider
that fight for any reason whatsoever and for anything to be deduced from it. 
We had this whole hearing to try and figure out what it was being introduced
for, and now, apparently, it was for everything.  I mean, I didn’t understand
that.

 

[DEFENSE]:  It was as to Ashley Ross’
testimony

 

THE COURT:  Well, the defense had also
previously moved for a mistrial on the record.  I think in the interest of
justice and fairness to both sides, that’s what I’m going to do.  I’m going to
declare a mistrial.  Let’s bring the jury in.

 

            In denying Shields habeas
corpus relief on his double-jeopardy claim against retrial, the trial court
issued findings of fact and conclusions of law and concluded that Shields
impliedly consented to the mistrial.  In this appeal, Shields’s sole issue is that
the trial court erred in refusing to grant Shields relief on his
double-jeopardy claim.

            In reviewing a trial court’s
ruling on a habeas claim, we review the record evidence in the light most
favorable to the trial court’s ruling and must uphold that ruling absent an
abuse of discretion.  Ex parte Graves, 271 S.W.3d 801, 803 (Tex. App.—Waco
2008, pet. ref’d), cert. denied, 130 S.Ct. 261 (2009).

            In a jury trial, jeopardy
attaches when the jury is empaneled and sworn.  Moreno v. State, 294
S.W.3d 594, 597 (Tex. Crim. App. 2009).  Once jeopardy attaches, as a general
rule, a defendant has the right to have his guilt or innocence determined by
the first trier of fact.  Torres v. State, 614 S.W.2d 436, 441 (Tex.
Crim. App. [Panel Op.] 1981).  

“The constitutional
prohibition against ‘double jeopardy’ was designed to protect an individual
from being subjected to the hazards of trial and possible conviction more than
once for an alleged offense.”  United States v. DiFrancesco, 449 U.S.
117, 127 (1980) (quoting Green v. United States, 355 U.S. 184, 187
(1957)); see Stephens, 806 S.W.2d at 816.

 

[T]he State with all its resources and
power should not be allowed to make repeated attempts to convict an individual
for an alleged offense, thereby subjecting him to embarrassment, expense and
ordeal and compelling him to live in a continuing state of anxiety and
insecurity, as well as enhancing the possibility that even though innocent he
may be found guilty.

DiFrancesco at 127-28 (quoting Green at
187-88) (alteration added).  “[T]he constitutional protection also embraces the
defendant’s ‘valued right to have his trial completed by a particular
tribunal.’”  Id. at 128 (quoting Arizona v. Washington, 434 U.S.
497, 503 (1978)); accord Wade v. Hunter, 336 U.S. 684, 689 (1949); see
Kennedy, 456 U.S. at 682 n.6; Peterson, 117 S.W.3d at 810.

 


Graves, 271 S.W.3d at 804.

 

“If that right to go to a particular
tribunal is valued, it is because … the defendant has a significant interest in
the decision whether or not to take the case from the jury when circumstances
occur which might be thought to warrant a declaration of mistrial.”  United
States v. Dinitz, 424 U.S. 600, 606, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267
(1976).  “The important consideration, for purposes of the Double Jeopardy
Clause, is that the defendant retain primary control over the course to be
followed in the event of such error.”  Id. at 609, 96 S.Ct. at 1080.

But if the defendant consents to a mistrial
or the mistrial is mandated by manifest necessity, the second prosecution
(retrial) is not barred by double jeopardy.  Ex parte Fife, 49 S.W.3d
35, 39 (Tex. App.—Fort Worth 2001, pet. ref’d) (citing Torres, 614
S.W.2d at 441); see Garner v. State, 848 S.W.2d 656, 658 (Tex. App.—Fort
Worth 1993, pet. ref’d).  

The initial inquiry on appeal is whether
the defendant consented to mistrial.  Harrison v. State, 767 S.W.2d 803,
806 (Tex. Crim. App. 1989).  If there is evidence of consent, the issue of
manifest necessity is immaterial.  Id.  Consent need not be express, but
may be implied from the totality of the circumstances attendant to the
declaration of mistrial.  Gori v. United States, 367 U.S. 364, 366, 81
S.Ct. 1523, 1524-25, 6 L.Ed.2d 901, 903 (1961); Little v. State, 853
S.W.2d 767, 767 (Tex. App.—Houston [14th Dist.] 1993, no pet. h.); Torres,
614 S.W.2d at 441.

 

Before failure to object constitutes an
implied consent to a mistrial, a defendant must be given an adequate
opportunity to object to the court’s motion.  Gori, 367 U.S. at 366, 81
S.Ct. at 1524-25, 6 L.Ed.2d at 903; Little, 853 S.W.2d at 767-68; Torres,
614 S.W.2d at 441-42.  Moreover, consent will not be inferred from a silent
record.  Allen v. State, 656 S.W.2d 592, 595 (Tex. App.—Austin 1983, no
pet.).

 

Garner, 858 S.W.2d at 658-59.

 

We find that the trial court did not
abuse its discretion in concluding that Shields impliedly consented to the
mistrial.  As the above-quoted colloquy reveals, Shields’s two attorneys were
present and had an adequate opportunity to respond and object to the trial
court’s suggestion of a mistrial, the State’s mistrial motion, and their
reasons therefor.  See id. at 659.  By not responding or objecting,
Shields impliedly consented to the mistrial, and thus to retrial.  See id. 
A second prosecution is not barred by double jeopardy.  We overrule Shields’s
sole issue and affirm the trial court’s order.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray concurs in the
Court’s judgment to the extent it affirms the trial court’s order.  A separate
opinion will not issue.)

Affirmed

Opinion
delivered and filed April 14, 2010

Do
not publish

[CR25]