PD-0710-17
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/9/2017 10:24 PM
Accepted 10/10/2017 1:07 PM
DEANA WILLIAMSON
CLERK

No. PD-0710-17

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

EX PARTE
ELIZABETH ANN GARRELS

ON DISCRETIONARY REVIEW
FROM THE NINTH COURT OF APPEALS
BEAUMONT, TEXAS
NO. 09-17-00038-CR

ON APPEAL FROM THE COUNTY COURT AT LAW NO. 5
MONTGOMERY COUNTY, TEXAS
CAUSE NO. 17-29859

APPELLANT'S BRIEF ON THE MERITS

MATTHEW J. DELUCA
STATE BAR NO. 24069601
712 MAIN ST., SUITE 2450
HOUSTON, TEXAS 77002
TEL: (713) 429-4400
FAX: (713) 228-2366
MATT@MATTDELUCALAW.COM
ATTORNEY FOR APPELLANT

ORAL ARGUMENT PERMITTED

# IDENTIFICATION OF PARTIES AND COUNSEL

**Appellant**
Elizabeth Ann Garrels

**Appellant's Trial Counsel**
James Fletcher
1017 Heights Blvd.
Houston, Texas 77008

**Appellant's Appellate Counsel**
Matthew DeLuca
712 Main St., Suite 2450
Houston, Texas 77002

**Appellee**
The State of Texas

**Appellee's Trial Counsel**
Phillip Harris
Wesley LeRouax
Brent Chappel
Montgomery County District Attorney's Office
207 W. Phillips St., 2nd Floor
Conroe, Texas 77304

**Appellee's Appellate Counsel**
Jason Larman
Montgomery County District Attorney's Office
207 W. Phillips St., 2nd Floor
Conroe, Texas 77304

**Trial Judge**
The Honorable Keith Stewart
County Court at Law No. 5
Montgomery County, Texas

# TABLE OF CONTENTS

Identification of Parties and Counsel ................................................................. i

Table of Contents ...................................................................................... ii

Index of Authorities .................................................................................. iii

Statement of the Case ................................................................................. 1

Issue for Review ...................................................................................... 2

Has a defendant who did not object to a trial court's declaration of mistrial, despite an adequate opportunity to do so, impliedly consented to the mistrial?

Statement of Facts .................................................................................... 2

Summary of the Argument .............................................................................. 5

Issue for Review Restated ............................................................................. 6

Argument .............................................................................................. 6

    I.   The court of appeals only considered the failure to object in its implied consent analysis ............................................................. 6

    II.  Implied consent must be based on the totality of the circumstances ............ 7

        A.   *Torres* does not support the court of appeals' *per se* rule ........................ 8

        B.   Failure to object to a mistrial, despite an adequate opportunity to do so, does not constitute implied consent *per se* ............................... 9

        C.   The court of appeals' *per se* rule fails to consider the totality of the circumstances ................................................................. 11

III. Under the totality of the circumstances, Garrels did not consent to the mistrial ............................................................................... 11

Prayer ............................................................................................................... 14

Certificate of Compliance .............................................................................. 15

Certificate of Service ...................................................................................... 15

iii

# INDEX OF AUTHORITIES

**Cases**

*Arizona v. Washington*
    434 U.S. 497 (1978) ....................................................................................6

*Ex parte Garrels*
    No. 09-17-00038-CR, 2017 WL 1953282, 2017 Tex. App. LEXIS 4225
    (Tex. App.—Beaumont, May 10, 2017, pet. granted) (mem. op., not
    designated for publication) .................................................................1,6

*Ex parte Jackson*
    Nos. 09-14-00138-CR, 09-14-00139-CR, 09-00140-CR, 2014 WL
    3845780, 2014 Tex. App. LEXIS 8542 (Tex. App.—Beaumont Aug. 6,
    2014, pet. ref'd) (mem. op., not designated for publication) ..........................6,7

*Ex parte Little*
    887 S.W.2d 62 (Tex. Crim. App. 1994)........................................................6,9,10

*Favorite v. State*
    No. 09-16-00162-CR, 2017 WL 2687470, 2017 Tex. App. LEXIS 5656
    (Tex. App.—Beaumont June 21, 2017, no pet. h.) (mem. op., not
    designated for publication) .................................................................7

*Hill v. State*
    90 S.W.3d 308 (Tex. Crim. App. 2002) ............................................................6

*Little v. State*
    853 S.W.2d 767 (Tex. App.—Houston [14th Dist.] 1993) *rev'd sub nom. Ex*
    *parte Little*, 887 S.W.2d 62 (Tex. Crim. App. 1994) .........................................10

*Pierson v. State*
    426 S.W.3d 763 (Tex. Crim. App. 2014) .................................................. 10,11

*Pierson v. State*
    398 S.W.3d 406 (Tex. App.—Texarkana 2013) *aff'd*, 426 S.W.3d 763 (Tex.
    Crim. App. 2014) .................................................................................10

*Torres v. State*
   614 S.W.2d 436 (Tex. Crim. App. 1981) ........................................................ 6,7,8

*United States v. Goldman*
   439 F.Supp. 358 (S.D.N.Y. 1977) ..................................................................9

*United States v. Goldstein*
   479 F.2d 1061 (2nd Cir. 1973) ......................................................................9

*United States v. Smith*
   621 F.2d 350 (9th Cir. 1980) .................................................................... 8,9

## Constitutions

TEX. CONST. ART. 1, § 14 .............................................................................6

U.S. CONST. AMEND. V .................................................................................6

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

ELIZABETH ANN GARRELS, Appellant, in accordance with Texas Rule of Appellate Procedure 70, files this brief on the merits.

## STATEMENT OF THE CASE

This is an appeal from the trial court's denial of Garrels's application for writ of habeas corpus claiming double jeopardy in a driving while intoxicated ("DWI") case. [1] Garrels was charged by information with misdemeanor DWI. (SCR 4).[2] On July 11, 2016, after a jury was sworn and testimony had begun, the trial judge *sua sponte* declared a mistrial. (1 RR 64). On January 30, 2017, the trial judge denied Garrels's application for writ of habeas corpus, and Garrels appealed. (CR 89-91; 2 RR 11). The Ninth Court of Appeals affirmed the trial court's order in a memorandum opinion. *Ex parte Garrels*, No. 09-17-00038-CR, 2017 WL 1953282, 2017 Tex. App. LEXIS 4225 (Tex. App.—Beaumont, May 10, 2017) (mem. op., not designated for publication). On June 6, 2017, Garrels's motion for rehearing was denied. On August 23, 2017, this Court granted Garrels's petition for discretionary review.

---

[1] Garrels's application for writ of habeas corpus was assigned a separate cause number, 17-29859, but related to the criminal matters in cause number 15-309944.

[2] The original clerk's record, filed on February 6, 2017, will be designated as "CR." The supplemental clerk's record, filed on March 27, 2017, will be designated as "SCR."

## ISSUE FOR REVIEW

**Has a defendant who did not object to a trial court's declaration of mistrial, despite an adequate opportunity to do so, impliedly consented to the mistrial?**

## STATEMENT OF FACTS

On October 27, 2015, Garrels was charged by information with driving while intoxicated, alleged to have occurred on October 24, 2015. (SCR 4). Garrels filed a pre-trial written discovery request that included a specific request for the State to disclose the name and address of each person it may use at trial to present expert testimony at least 20 days before trial. (SCR 15).

On July 11, 2016, a jury was sworn and trial began. (1 RR 7). Garrels pleaded "not guilty" to the charge, and each party presented an opening statement. The State then called its first witness, Trooper Christopher Lucchese, to testify. (1 RR 11-16). During direct examination, Garrels objected to Lucchese's testimony as an expert witness, on the grounds that the State failed to timely disclose expert witness information under article 39.14(b) of the Texas Code of Criminal Procedure. (1 RR 47).

The State conceded that it had violated article 39.14(b) by failing to timely disclose its expert witness list at least 20 days before trial. (1 RR 55, 57, 59). The trial judge found that the statute had been violated, and sustained

2

Garrels's objection. (1 RR 52, 55-56). The State requested that the trial judge grant a continuance, rather than exclude the testimony of the expert witnesses. Garrels opposed a continuance, arguing it would unfairly allow the State to correct its error.[3] (1 RR 56-57). The trial judge was not inclined to continue the case to a date that the State was in compliance with the discovery order, which he estimated to be July 27, because the jurors had been told the trial would only last three days. (1 RR 60). At this point, the trial court took a break. (1 RR 61).

Once back on the record, the trial judge stated that he would declare a mistrial, which he believed "would basically be the same as resetting but not with the same jury." (1 RR 61). But the prosecutor immediately cautioned that unless Garrels requested the mistrial, there would need to be a finding of manifest necessity, or the State would be barred from future prosecution. The trial judge indicated his understanding that Garrels had not and would not be requesting a mistrial. (1 RR 61-62). The prosecutor proposed that the trial judge instead consider "less drastic measures," such as admitting the expert testimony, excluding the expert testimony, or granting a continuance. (1 RR 63). The prosecutor told the trial judge that if a mistrial was declared,

---

[3] Garrels's trial counsel indicated that the State had previously been granted at least one continuance on the day of trial. (1 RR 56-57).

he anticipated that the State would try to re-file the case, and Garrels would object on double jeopardy grounds. (1 RR 63-64). The trial judge declared a mistrial, to which the State objected. (1 RR 64-65). The record reflects that Garrels remained silent after the mistrial was declared.

On January 27, 2017, Garrels filed an application for writ of habeas corpus, alleging a double jeopardy claim. (CR4). In an affidavit attached to the writ, Garrels's trial counsel stated that he did not consent to a mistrial. (SCR 70). The trial judge denied the writ. (CR 89, 2 RR 11).

## SUMMARY OF THE ARGUMENT

The Fifth Amendment to the United States Constitution prohibits a State from twice putting a defendant in jeopardy for the same crime. And if a mistrial occurs once a jury is sworn, double jeopardy bars retrial unless the defendant consents to the mistrial or a manifest necessity exists for the mistrial. A defendant's consent to mistrial can be expressed or implied. Here, the court of appeals held that a defendant's failure to object to a trial court's declaration of mistrial, despite an adequate opportunity to do so, alone constitutes implied consent to the mistrial. But this Court has rejected such a *per se* rule, and instead has held that a reviewing court must consider the totality of the circumstances when determining whether a defendant consented to a mistrial. The court of appeals erroneously failed to consider the totality of the circumstances in its analysis. And under the totality of the circumstances, the record does not reflect that Garrels consented to the mistrial.

## ISSUE FOR REVIEW RESTATED

**Has a defendant who did not object to a trial court's declaration of mistrial, despite an adequate opportunity to do so, impliedly consented to the mistrial?**

## ARGUMENT

A defendant cannot be put in jeopardy twice for the same offense. U.S. CONST. amend. V; TEX. CONST. art. 1, § 14; *Arizona v. Washington*, 434 U.S. 497, 503 (1978); *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002). As a general rule, if a defendant is put in jeopardy, and the jury is then discharged without reaching a verdict, double jeopardy will bar retrial. *Ex parte Little*, 887 S.W.2d 62, 65 (Tex. Crim. App. 1994). An exception to this rule is made if the defendant consents to a retrial, or if a retrial is mandated by manifest necessity. *Torres v. State*, 614 S.W.2d 436, 441 (Tex. Crim. App. 1981). Consent can be expressed or implied from the totality of the circumstances attendant to the declaration of mistrial. *Id.*

### I. The court of appeals only considered the failure to object in its implied consent analysis.

In its memorandum opinion, the Ninth Court of Appeals held that a "defendant who does not object to the trial judge's *sua sponte* declaration of a mistrial, despite an adequate opportunity to do so, has impliedly consented to the mistrial." *Garrels*, slip op. at 4 (citing *Ex parte Jackson*, Nos. 09-14-00138-

CR, 09-14-00139-CR, 09-00140-CR, 2014 WL 3845780, 2014 Tex. App. LEXIS 8542, at *6-7 (Tex. App.—Beaumont Aug. 6, 2014, pet. ref'd) (mem. op., not designated for publication)). The court concluded that Garrels consented to the mistrial solely because her "counsel had an adequate opportunity to object…but did not do so." *Garrels*, slip op. at 5. The court followed the same holding it had in *Jackson*, adopting a *per se* rule – that a defendant's failure to object to a mistrial, despite an adequate opportunity to do so, *always* constitutes implied consent.[4] In *Jackson*, the court cited *Torres* in support of this *per se* rule. *Jackson*, at *6. But the court's reliance on *Torres* is misplaced, as this Court has never held that a failure to object to a mistrial, despite an adequate opportunity to do so, by itself constitutes implied consent. Such a strict rule conflicts with prior decisions of this Court, of other Texas courts, and of federal courts.

## II.   Implied consent must be based on the totality of the circumstances.

This Court has long held that when analyzing implied consent to a mistrial, a reviewing court must consider "the totality of the circumstances attendant to the declaration of mistrial." *Torres*, 614 S.W.2dd at 441.

---

[4] Before this Court granted review, the court of appeals recognized this *per se* rule in another unpublished opinion. *See Favorite v. State*, No. 09-16-00162-CR, 2017 WL 2687470, 2017 Tex. App. LEXIS 5656, at *18 (Tex. App.—Beaumont June 21, 2017, no pet. h.) (mem. op., not designated for publication).

**A. *Torres* does not support the court of appeals' *per se* rule.**

In *Torres*, this Court considered whether a defendant had impliedly consented to be retried because of a failure to object to the court's declaration of mistrial. In finding that the defendant did not consent to the mistrial, this Court cautioned, "before a failure to object constitutes an implied consent to a mistrial, a defendant must be given an adequate opportunity to object to the court's motion." *Torres*, 614 S.W.2d at 441-42.

The court of appeals has misconstrued *Torres* to read that a failure to object to a mistrial, despite an adequate opportunity to do so, creates implied consent *per se*. But *Torres* does not stand for such a rule. Instead, *Torres* instructs that a failure to object can be considered in a reviewing court's consent analysis, but only if a defendant was given an adequate opportunity to object. A reviewing court must still consider the totality of the circumstances when analyzing consent to a mistrial. This Court cited multiple federal opinions in *Torres* that are instructive on the issue of implied consent analysis, and support this interpretation. *Torres*, 614 S.W.2d at 441-42.

In *United States v. Smith*, the Second Circuit determined that a defendant had impliedly consented to a mistrial based, not solely on

counsel's failure to object, but on the totality of the circumstances. In addition to the failure to object, the court found that defense counsel's comments after mistrial affirmatively indicated his understanding that there would be a retrial. 621 S.W.2d 350, 352 (9th Cir. 1980). In *United States v. Goldstein*, the court would not hold that the failure to object constituted implied consent, but instead was one of several probative factors from which consent may be implied. 479 F.2d 1061, 1067 n.11 (2nd Cir. 1973). In *United States v. Goldman*, the court held that a failure to object to a mistrial may not, in and of itself, constitute consent, but it is a factor to be considered. 439 F.Supp. 358, 362 (S.D.N.Y. 1977). That this Court cited these cases in *Torres* indicates its intention that "a defendant's failure to object, despite an adequate opportunity to do so" should be *a* factor in an implied consent analysis, but not *the* factor.

## B. Failure to object to a mistrial, despite an adequate opportunity to do so, does not constitute implied consent *per se*.

Since *Torres*, this Court has refused to hold that a defendant's failure to object to a mistrial, despite an adequate opportunity to do so, alone will constitute implied consent.

In *Little*, this Court rejected such a *per se* rule on the failure to object to a mistrial. 887 S.W.2d at 66. The Fourteenth Court of Appeals initially held

9

that consent to a mistrial was implied if a defendant had an adequate opportunity to object, but failed to do so. *Little v. State*, 853 S.W.2d 767, 767 (Tex. App.—Houston [14th Dist.] 1993) *rev'd sub nom. Ex parte Little*, 887 S.W.2d 62 (Tex. Crim. App. 1994). On review, this Court reversed, finding that it could not infer from the totality of the circumstances that the defendant consented to the mistrial. This Court reasoned that if it held that a defendant waived his objection merely by failing to state, "I object," it would be to adopting hypertechnicalities it had previously rejected.[5] *Little*, 887 S.W.2d at 66.

More recently, this Court affirmed a Sixth Court of Appeals decision holding that a defendant did not consent to a mistrial, despite his failure to object. In *Pierson v. State*, the Sixth Court of Appeals determined that the totality of the circumstances failed to establish that the defendant consented to a mistrial, though he did not object to it. 398 S.W.3d 406, 412 n.4 (Tex. App.—Texarkana 2013) *aff'd*, 426 S.W.3d 763 (Tex. Crim. App. 2014). The court refused to infer consent from a silent record, reasoning that once the trial judge announced its intention to declare a mistrial, it was reasonable trial strategy not to challenge the decision. *Id*. On discretionary review, this

---

[5] This Court noted that it did not need to decide the issue of whether a defendant's silence in the face of a mistrial amounted to consent. *Little*, 887 S.W.2d at 66 n.4.

10

Court agreed that the defendant did not consent to the mistrial. *Pierson*, 426

S.W.3d at 770.

### C. The court of appeals' *per se* rule fails to consider the totality of the circumstances.

The court of appeals erred in concluding that a defendant's failure to

object to a mistrial, despite an adequate opportunity to do so, constitutes

implied consent to the mistrial. Such a holding adopts a *per se* rule that

ignores this Court's prior decisions in *Torres*, *Little*, and *Pierson*. This Court

has held that a reviewing court may consider a failure to object in its consent

analysis, but must always consider the totality of the circumstances attendant

to a declaration of mistrial. Here, the court failed to consider the totality of

the circumstances in the record, erroneously isolating Garrels's failure to

object. The court of appeals' analysis is flawed, and should be reversed.

## III. Under the totality of the circumstances, Garrels did not consent to the mistrial.

Had the court of appeals considered the totality of the circumstances

attendant to the trial judge's declaration of mistrial, rather than the failure to

object alone, it could not have inferred that Garrels consented to the mistrial.

The record supports the following relevant considerations:

1. Garrels wished to proceed with trial.

2. Garrels would not benefit from a mistrial.

3. The State would benefit from a mistrial.

4. Both the trial judge and the State understood Garrels did not want a mistrial.

5. Garrels did not expect to be retried.

The eventual mistrial grew out of an in-trial objection. During direct examination of the State's first witness, a police officer, Garrels objected to the officer testifying as an expert witness because the State had violated a discovery statute related to the disclosure of expert witnesses. (1 RR 47). The trial judge agreed that the State violated the statute, and sustained the objection. (1 RR 52, 55-56). It should be emphasized that Garrels's objection called for the exclusion of expert testimony. And after the trial judge sustained the objection, Garrels expected that the testimony would be excluded. The prosecutor suggested that the trial judge had three options; exclude the testimony, grant the State's continuance, or allow the testimony. (1 RR 59). Garrels opposed the State's request for continuance, arguing that a continuance would allow the State an improper way out of its own mistake. (1 RR 57).

Though Garrels did not formally object to the mistrial, her position after the sustained objection never changed. She wanted to trial judge to follow his

ruling and exclude the expert testimony. The record reflects that the trial judge and prosecutor both understood that Garrels did not want a mistrial. An exchange between the trial judge and prosecutor supports this conclusion:

Prosecutor: We would be jeopardy barred, very likely, and in fact be a dismissal.

Trial Judge: You think that's true, even if –

Prosecutor: Because the defense has not requested a mistrial. I believe that you need a manifest necessity to declare a mistrial. You are free to grant a mistrial, generally, but I believe that would bar us. *If the defense wanted to request a mistrial in lieu of submitting the testimony, that would be different.*

Trial Judge: *Doesn't sound like that's what* –

Prosecutor: *Correct.* It's my understanding when the defense doesn't request a mistrial it needs to be due to manifest necessity.

(1 RR 61-62) (emphasis added). The prosecutor further warned the trial judge that, if a mistrial was declared, the State would try to re-file the case, and Garrels would file a motion on double jeopardy grounds. (1 RR 63-64). The record supports a conclusion that both the trial judge and the State understood that Garrels did not consent to a mistrial and would object to further prosecution on double jeopardy grounds. And that is exactly what

13

happened. Garrels's trial counsel subsequently stated in a verified affidavit filed along with the application for writ of habeas corpus that he did not consent to the mistrial. (SCR 70). Under the totality of the circumstances, it is unreasonable to infer that Garrels consented to the mistrial.

## PRAYER

Garrels asks this Court to find that she did not consent to the mistrial, reverse the court of appeals' opinion, and remand the case so that the court of appeals can address the issue of manifest necessity. Alternatively, Garrels asks this Court to reverse the court of appeals' opinion, and remand the case so that the court of appeals can address the issue of implied consent under the totality of the circumstances.

Respectfully submitted,

/s/ Matthew J. DeLuca
Matthew J. DeLuca
State Bar No. 24069601
712 Main St., Suite 2450
Houston, Texas 77002
Tel: (713) 429-4400
Fax: (713) 228-2366
matt@mattdelucalaw.com
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 2,644 words, and is in compliance with Texas Rule of Appellate Procedure 9.4.

/s/ Matthew J. DeLuca
Matthew J. DeLuca

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served on the following parties through the efile.txcourts.gov e-filing system on October 9, 2017:

Jason Larman
Assistant District Attorney
Montgomery County District Attorney's Office
207 W. Phillips, 2nd Floor, Conroe, Texas 77301
jason.larman@mctx.org

Stacey Soule
State Prosecuting Attorney
PO Box 13046, Austin, Texas 78711-3046
information@spa.texas.gov

/s/ Matthew J. DeLuca
Matthew J. DeLuca