ACCEPTED
12-15-00038-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/29/2015 1:59:00 PM
CATHY LUSK
CLERK

## No. 12-15-00038-CR

### IN THE
### TWELFTH JUDICIAL DISTRICT
### COURT OF APPEALS
### TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

4/29/2015 1:59:00 PM

CATHY S. LUSK
Clerk

**FILED**

4/29/2015

**Twelfth Court of Appeals
Cathy Lusk
Clerk**

### THE STATE OF TEXAS

### APPELLANT

### _____VS_____

### DANNY RAY SOWELL

### APPELLEE

**DEAN WHITE**
Attorney at Law
690 W. Dallas Street
P. O. Box 155
Canton, Texas 75103
(903) 567-4155 Telephone
(903) 567-4964 Facsimile
SBN 21299500
E-Mail: dwatty@etcable.net

### ATTORNEY FOR APPELLEE

### ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**DEAN WHITE**
Attorney at Law
690 W. Dallas Street
P. O. Box 155
Canton, Texas 75103
Bar Number 21299500
(903) 567-4155
(903) 567-4964 Facsimile
E-Mail: dwatty@etcable.net

**DANNY RAY SOWELL** (Real Party of Interest)
806 Alabama, Apt. 6
Sulphur Springs, Texas 75482

**CHRIS MARTIN**
Criminal District Attorney of Van Zandt County
400 South Buffalo Street
Canton, Texas 75103
Bar Number 24050016
(903) 567-4104
(903) 567-6258 Facsimile
Web Page: www.vzda.org

**RICHARD SCHMIDT**
First Assistant Criminal District Attorney of Van Zandt County
400 South Buffalo Street
Canton, Texas 75103
Bar Number 24043907
(903) 567-4104
(903) 567-6258 Facsimile
Web Page: www.vzda.org

**ALLISON FLANAGAN**
Assistant Criminal District Attorney of Van Zandt County
400 South Buffalo Street
Canton, Texas 75103
Bar Number 24080057
(903) 567-4104
(903) 567-6258 Facsimile
Web Page: www.vzda.org

# TABLE OF CONTENTS

Identity of the Parties.................................................................................. .......I

Table of Contents.................................................................................................ii

Index of Authorities...........................................................................................iii

Statement of the Case ........................................................................................1

Statement of Facts ..........................................................................................1-2

Argument and Authorities ...............................................................................2-6

      a. Appellee's Response to Appellant's Issue Number 1.....................................2-4

      b. Appellee's Response to Appellant's Issue Number 2 and Issue Number 3 ...4-6

Prayer...................................................................................................................6

Certificate of Service...........................................................................................7

Certificate of compliance.....................................................................................7

# INDEX OF AUTHORITIES

## Cases

*Arizona v. Washington,* 434 U.S. 487 (1978)......................................................................4

*Cruck v. State,* No.13-07-00712-CR, 2009*,* Tex. App. LEXIS 7329,
2009 WL 2973474 *(*Tex. App. – Corpus Christi 2009*)*........................................................4

*Ex Parte Brown, 907 S.W.3d 835* (Tex. Crim. App. 1995*)*.................................................2

*Ex Parte Falk,* No. 10-13-00223-CR ,2014 Tex. App. LEXIS 8083, 2014 WL 268598
 (Tex. App.–Waco, July 24, 2014, pet. ref'd)  ...................................................................... 3

*Ex Parte Fierro,* 79 S.W.3d 54 (Tex. Crim. App. 2002) ..................................................3,4

*Ex Parte* Garza, 337 *S.W.3d 903 (*Tex. Crim. App. 2011*)*................................................2

*Ex Parte Hunter 256 S.W. 3d 900* (Tex. App-Texarkana 2008*)* .......................................3

*Ex Parte Little,* 887 S.W. 2d 62 *(*Tex .Crim. App. 1994*)*.....................................................4

*Ex Parte Wheeler,* 203 S.W.3d 317 (Tex. Crim. App. 2006)...............................................6

*Hill v. State,* 90 S.W. 3d 308 *(*Tex. Crim. App.2002*)*.......................................................... 2

*Illinois v. Somerville,* 410 U.S. 458 *(1973)*........................................................................5

*Oregon v. Kennedy,* 456 U. S. 667 (1982)..........................................................................5

*Simmons v. U.S.,* 142 U.S. 148 (1891)............................................................................. 5

*Thompson v. U.S.,* 155 U. S. 271 (1894*)*......................................................................... 5

*Torres v. State,* 614 S.W.2d 436 *(*Tex. Crim. App. 1981*)* ...................................................2

*U.S. v. Dinitz,* 424 U. S. 600 (1975)...................................................................................5

*U. S. v. Jorn,* 400 U. S. 470 (1971)....................................................................................5

*U. S. v. Perez,* 22 U. S. 579 (1824)....................................................................................5

*Wade v. Hunter,* 336 U. S. 684 (1949)................................................................................5

## Constitutional Provisions

TEX. CONST. art. I, §14................................................................ ..........4,6

TEX. CONST. art. I, §19................................................................4,6

U.S. CONST. amend. V ................................................................4,6

U.S. CONST. amend. XIV................................................................4,6

## STATEMENT OF THE CASE

Appellee agrees with the State's Statement of the Case.

## STATEMENT OF FACTS

On the 17th of March, 2014, the case of the *State of Texas vs. Danny Ray Sowell* proceeded to trial by jury in the County Court at Law of Van Zandt County, Texas, Judge Randal McDonald presiding. On the 18th of March, 2014, testimony continued as Mr. Sowell's attorney cross examined the State's witness. (CR 58-86)[1] There were difficulties in the cross examination that had to do with the manner in which the State's witness was responding to questions asked by Mr. Sowell's attorney.  This resulted in the trial court accusing Mr. Sowell's attorney of being hostile to the witness. (CR 74 line 1-25) This accusation was made in the presence of the jury. Mr. Sowell's attorney asked for a hearing outside the presence of the jury. (CR-75) The trial court denied the request. (CR 75) Mr. Sowell's attorney was forced to state his objection  to the trial court's actions  in the jury's presence. Mr. Sowell's attorney objected  that the trial court did not like the attorney and as a result Mr. Sowell was not being treated fairly. Mr. Sowell's attorney was ordered by the  trial court to "Proceed". (CR  75 line 17) Counsel for Sowell did as the Court instructed. Trial continued for approximately 37 questions which were asked by Mr. Sowell's attorney. (CR 75-86) At that time, the State requested a hearing outside the presence of the jury and the request was granted by the Court.(CR 82) This was a request that the Mr. Sowell's attorney was not afforded. The State moved for a mistrial (CR 19, CR 82) Mr. Sowell's attorney stated he would not agree to a mistrial. (CR 83) The trial court initially overruled the State's Motion for

---

[1] References to the Clerk's Record are designated "CR" with  an arabic numeral following "CR" specifying the correct page in the record.

Mistrial. (CR 84) The trial court again addressed the issue of the alleged hostility of Mr. Sowell's attorney.(CR 84, 85) Mr. Sowell's attorney stated to the trial court was being hostile towards him. (CR 85) The trial court immediately granted a mistrial. (CR 19, 85 line 17-18). The State did not renew its motion for mistrial.  The trial court did not address nor explore any issues regarding the granting of the mistrial before or after the State's motion for  mistrial was granted.

## ARGUMENT AND AUTHORITIES

**a. Appellee Response to Appellent's Issue Number 1**

The State made a Motion for Mistrial which was not initially granted by the trial court. (CR 84)  At the time the State made is Motion for Mistrial, Mr. Sowell's attorney informed the trial court that he would not agree to that proposal. (CR 83, 84) Mr. Sowell's attorney and the trial court then had an exchange outside the presence of the jury and when the jury was brought back into the courtroom the trial court told the jury he had granted mistrial for the State and the jury was released. (CR 85) This rulingof the trial court was against the wishes of Mr. Sowell. The State did not renew their motion for mistrial. In addition, the trial court did not address nor explore any issues regarding the granting of the mistrial before or after the State's motion for  mistrial was granted.

A trial should not be ended prematurely if it is against the defendant's wishes. *Ex Parte Garza*, 337 *S.W.3d 903, 909* (Tex. Crim. App. 2011), *Hill v. State,* 90 S.W.3d 308 ( Tex. Crim. App. 2002) , *Ex Parte Brown,* 907 S.W. 2d 835 ( Tex. Crim. App. 1995) The extraordinary measure of granting a mistrial is only justified by "manifest necessity." *Id.* The State would bear the burden to demonstrate a "manifest necessity" to justify the

2

granting of a mistrial and the trial court's granting of a mistrial is limited to and justified only by extraordinary circumstances. *Id.* The granting of a mistrial is in the trial court's discretion, but the Court abuses this discretion when it grants a mistrial without considering other alternatives and ruling those alternatives out. *Id.* see also *Ex Parte Falk,* No. 10-13-00223-CR ,2014 Tex. App. LEXIS 8083, 2014 WL 2685985 (Tex. App.–Waco, July 24, 2014, pet. ref'd). In Mr. Sowell's case the trial court did not state the basis of its ruling and the record is silent as to the trial court ever considering the availability of a less drastic ruling and reasonably ruling those alternatives out. Therefore, the trial court abused its discretion by declaring a mistrial.

The Court of Criminal Appeals held in *Torres v. State,* that the granting of a mistrial was not proper in a case involving alleged witness intimidation because the conclusion was not supported by the evidence. 614 S.W.2d 436, 443 (1981). The record must adequately contain a reason for the trial court's ruling absent express findings by the trial court of "manifest necessity." *Id.* at 442. The trial court accused Mr. Sowell's attorney of being hostile toward the witness in the presence of the jury. (CR 74 line 17) The State later objected to remarks made by Mr. Sowell's attorney and requested a mistrial. (CR 84-85) The trial court initially overruled the State's Motion for Mistrial (CR 85) and then subsequently granted the State's Motion for Mistrial. (CR 85)

Mr. Sowell's attorney was trying to protect Mr. Sowel's rights and there is no evidence in the record or stated reasons by the trial court that would warrant the granting of a mistrial. *Ex Parte Hunter,* 256 S.W.3d 900 (Tex. App. -Texarkana 2008). The trial court must carefully and deliberately consider the alternatives to the granting of a mistrial while taking into account the defendant's interest in having his trial completed in a single proceeding and society's interest of fair trials rendering just judgements. *Ex*

3

*Parte Fierro,* 79 S.W.3d 54, 56 (Tex. Crim. App. 2002) The failure to rule out less drastic alternatives is an abuse of discretion. *Fierro* at 57.

The 294th District Court after hearing arguments of the parties granted the Writ of Habeas Corpus filed by Mr. Sowell. Appellee agrees with the 294th District Court which found that where the judge fails to explicitly or implicitly rule out less drastic alternatives in favor of granting a motion for mistrial, the court has abused its discretion. *See Cruck v. State,* 2009 Tex. App. Lexis 7329 ( Corpus Christi 2009), *Ex Parte Little,* 887 S.W.2d 62 (Tex. Crim. App. 1994). In granting the State's motion for mistrial, the trial court violated Mr. Sowell's rights under the double jeopardy clause of the Fifth Amendment and Fourteenth Amendment of the United States Constitution, Article 1 sections 14 and 19 the Texas Constitution and Article 1.10 of the Texas Code of Criminal Procedure.

**b. Appellee's Response to Appellent's Issues Number 2 and Number 3**

Mr. Sowell contends that the Appellant's issues 2 and 3 are the same issue and will address these two points together as one issue.

The Appellant attempts to make argument that a mistrial was proper because of manifest necessity. After the alleged improper objection by Mr. Sowell's attorney, the trial court told Mr. Sowell's attorney to proceed (CR 75) The trial resumed and thirty seven questions were asked up to the point the Appellant asked for a hearing outside the presence of the jury. The Appellant in its point 2 and point 3 conceded that the trial court never did articulate its thoughts in regard to less drastic alternative to the mistrial requested by the Appellant.

The Appellant seems to place much of their reasoning that there was a manifest necessity for a mistrial based on *Arizona v. Washington,* 434 U.S. 497 (1978) which stands for the proposition that the prosecutor must demonstrate manifest necessity

4

over the defendant's objection to a mistrial. The Appellant does not point to any portions of the record that would support a manifest necessity for the granting of the extraordinary remedy of a mistrial in Mr. Sowell's case.

In support of its position the Appellant also cites several cases which do not have roots in Texas Jurisprudence. Appellee will attempt to succinctly summarize these cases.

*U.S. v. Perez,* 22 U.S. 579 (1824), stands for the idea that a mistrial should be granted with the greatest of caution under urgent circumstances. In *Wade v. Hunter*, 336 U.S. 684 (1949), a mistrial was granted during a Cold War tactical situation occurring in Germany. The trial court granted a mistrial because of non purposeful prosecutorial negligence in *Illinois v. Somerville*. 410 U.S.458 (1973) In *Simmons v. U.S.*, 142 U.S. 148 (1891) a mistrial was granted when a lawyer had apparently tampered with the jury and a juror lied about a relationship with the parties. In the case of *U. S. v. Jorn,* 400 U.S. 470 (1971) a mistrial was granted so quickly that any suggestions of alternatives were precluded. The situation surrounding the granting of a mistrial in *Jorn* is very similar to Mr. Sowell's case. In *Oregon v. Kennedy* 456 U.S. 667 (1978) and *U.S. v. Dinitz,* 424 U.S. 600 (1975) the accused moved for a mistrial. Finally, in *Thompson v. U. S.*, 155 U.S. 271 (1894), a mistrial was granted because a 17 year old Native American boy had a jury that had three jurors that had been on the grand jury that indicted him.

The cases cited by the Appellant do not support the position that the trial court was correct in granting a mistrial in Mr. Sowell's case. These cases merely illustrate the extreme circumstances that are required to meet the burden of manifest necessity. The case before the Court does not rise to the type of situation that would justify a finding

5

that manifest necessity existed at the time the trial court granted the mistrial. The order of the 294th Judicial District Court should be upheld. *See Ex Parte Wheeler*, 203 S.W. 3d 317 (Tex.Crim. App. 2006). The trial court violated Mr. Sowell's rights under the double jeopardy clause of the Fifth Amendment and Fourteenth Amendment of the United States Constitution, Article 1 sections 14 and 19 the Texas Constitution and Article 1.10 of the Texas Code of Criminal Procedure.

## PRAYER

**WHEREFORE, DANNY RAY SOWELL** prays that this Court uphold the ruling of the 294th Judicial District Court and for such other relief, both at law or equity, to which **DANNY RAY SOWELL** is entitled.

**DEAN WHITE**
Attorney at Law
690 W. Dallas Street
P. O. Box 155
Canton, Texas 75103
(903) 567 4155
(903) 567-4964 Facsimile
E-Mail: dwatty@etcable.net


BY:    /s/ Dean White

**DEAN WHITE**
SBN 21299500
Attorney for **DANNY RAY SOWELL**

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was delivered to Chris Martin, Criminal District Attorney, Van Zandt County, 400 South Buffalo, Canton, Texas 75103 via email chrismartin@vanzandtcounty.org and aflanagan@vanzandtcounty.org .

By:  /s/ Dean White
**DEAN WHITE**
Attorney for **DANNY RAY SOWELL**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document is 1,874 words in total and is in within the word count restrictions set forth by the Texas Rules of Appellate Procedure.

By:  /s/ Dean White
**Dean White**
Attorney for **DANNY RAY SOWELL**