**PD-0916-15**

**IN THE**
**TEXAS COURT OF CRIMINAL APPEALS**
**At Austin**

No. 04-14-00393-CR
In the Court of Appeals for the
Fourth District of Texas
At San Antonio

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUGUST 6, 2015

ABEL ACOSTA, CLERK

---

**ASEL ABDYGAPPAROVA**
**Appellant**
**v.**
**THE STATE OF TEXAS**
**Appellee**

---

**PETITION FOR DISCRETIONARY REVIEW**
**OF APPELLANT ASEL ABDYGAPPAROVA**

---

Shawn Sheffield
State Bar No. 24008020
PO Box 276343
San Antonio, Texas 78227
Tel:    (210) 697-9090
Fax;    (210) 591-7311
Counsel for Appellant

# Table of Contents

Page

Table of Contents . . . . . . . . . . . i

Statement of the Case . . . . . . . . . . 1

Statement of Procedural History . . . . . . . . . . 2

Question Presented . . . . . . . . . . . 2

## REASON FOR REVIEW

Asel Abdygapparova's right to be free from double jeopardy was violated by the prosecutions intentional and pervasive misconduct and trial judges partiality during the jury trial to the extent that the trial is structurally impaired.

Statement of Facts . . . . . . . . . . . 3

Argument . . . . . . . . . . . 3

Prayer for Relief . . . . . . . . . 6

**To The Honorable Court of Criminal Appeals of Texas**

STATEMENT REGARDING ORAL ARGUMENT

Oral argument would not assist this court with determining if the Appellant's right's were violated due to double jeopardy.

**STATEMENT OF THE CASE**

Appellant Asel Abdygapparova was charged by indictment in Cause No. 2001-CR-4918A with the offense of capital murder. (CR Vol.1, P.17-20). Ms. Abdygapparova was previously tried for capital murder and found guilty by a jury and sentenced to life. This finding was overturned by this court. The 4th Court reversed the conviction, holding the trial court (175th Judicial District Court), precluded appellant from receiving a fair trial and violated her due process rights by engaging in ex parte communications with the prosecutor during the trial. *Abdygapparova v State*, 243 S.W.3d 191 (Tex.App.-San Antonio 2007,pet.ref'd). The 4th Court determined that the trial was rife with prosecutorial misconduct and judicial partiality towards the State was so egregious that the ends of justice would not permit the verdicts of the jury to stand. The case was remanded for a new trial. *Id*.at 210. Ms. Abdygapparova signed a plea agreement with the trial court. The plea agreement was for a "cap" of 28 years in prison. (CR Vol.1, p583-587). Appellant also signed the "Trial Court's Certification of Defendant's Right to Appeal." (CR Vol.1, p.598) The document specifically states that this "is a plea bargain case but matters were raised by written motion filed and ruled on before trial." (CR

1

Vol.1, p 598)  There were several motions filed on the appellants' behalf after the ordered remand.  There were two motions that were ruled on by the trial court. (CR Vol. 1, p 588-90 and p. 476)  The first denial by the trial court was the Applicants' Writ of Habeas Corpus and Plea in Bar. (CR Vol.1, p.476) The trial court's second order of denial regarded Appellant's request for dismissal of her court appointed attorney.  (CR Vol. 1 p.590)

A sentencing hearing was held by Judge Rangel.  Several witnesses and exhibits were heard and entered during the hearing.  Following the sentencing hearing, the court assessed the full sentence of 28 years for the negotiated appeal.  Appellant's trial attorney filed a "Motion to Reconsider" which the court failed to rule upon.  The appellant filed a Notice of Appeal upon a Negotiated Plea. The 4th Court affirmed the finding and plea of the district court's finding.

## STATEMENT OF PROCEDURAL HISTORY

A panel of the Fourth Court of Appeals reversed the original judgment of the Trial Court. The Fourth Court remanded the case for a new trial.  The case was moved from the 175th District Court to the 379th District Court.  Appellant entered into a plea agreement.  Appellant filed a Notice of Appeal.  This counsel filed a appellant's brief.  The Fourth Court of Appeals affirmed the appeal on June 4, 2015.

## QUESTION PRESENTED FOR REVIEW

Whether Asel Abdygapparova's right to be free from double jeopardy was violated by the prosecutions intentional and pervasive misconduct and trial judges partiality during the jury trial to the extent that the trial is structurally impaired.

2

**REASONS FOR REVIEW**

    A.  The Court of Appeals has erroneously decided important questions of state and federal law that have not been, but should be, settled by the Court. Tex.R.App.P.66.3(b)

**ARGUMENT IN SUPPORT OF REASONS FOR REVIEW**

Appellant was arrested and convicted of capital murder. The appellant was convicted by a jury in the 175th District Court. Appellant appealed the conviction. The Fourth Court found that the trial court and prosecutor acted in an impartial and intentional partiality way during the jury trial. The 4th Court of Appeals reversed the trial court's decision. The appeals court determined that the trial was rife with prosecutorial misconduct and trial judges' failure to be impartial which infected the integrity of the trial process to such a degree that the ends of justice would not permit the verdict of the jury to stand. *Abdygapparova v. State*, 243 S.W.3d 191 (Tex.App.-San Antonio 2007,pet.ref'd)

By the actions of the Bexar County District Attorney's Office and the 175th District Court in the previous jury trial, the appellant was unable to obtain a fair and impartial trial. Because the right to a fair and impartial judge is fundamental to our system of justice, a criminal trial court's primary duty is to see that justice is done by assuring a fair trial with constitutional and statutory guarantees of due process. *U.S. Const.Amends. V,VI,XIV; Tex Const.art 1Sec 19.* The previous jury trial failed to protect this right. Double jeopardy protection protects a defendant's valued right to have her trial completed by the tribunal first assigned. *Oregon v. Kennedy*, 456 U.S. 667, 673, 102 S.Ct.2083 (1982).

3

Ms. Abdygrapprova's double jeopardy rights were violated by this prosectorial misconduct and trial court's judicial overreaching. The State should not have another opportunity to proceed to trial after acting as it did in the previous jury trial. The State deprived the Appellant of a fair jury trial, therefor it should not be allowed to given another opportunity. By the trial court allowing the case to proceed, the court is violating the appellant's constitutional fifth amendment rights.

U.S. CONST. amend V provides that no person "be subject for the same offence to be twice put in jeopardy of life or limb." The Fifth Amendment is applied to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). In addition, TEX. CONST. art. I, § 14, contains a similar provision that is conceptually identical to its federal counterpart. *Stephens v. State*, 806 S.W.2d 812, 814-15 (Tex. Crim. App. 1990). In a case tried to a jury, jeopardy attaches when the jury is sworn. *Ex parte Little*, 887 S.W.2d 62, 64 (Tex. Crim. App. 1994)(citing *Crist v. Bretz*, 437 U.S. 28, 35 (1978)). The double jeopardy clause of the Fifth Amendment protects a criminal defendant from multiple prosecutions for the same offense. *U.S. v. Dinitz*, 424 U.S. 600, 606, 96 S.Ct. 1075 (1976). The Texas Constitution provides the same protection in Article I, Section 14, stating that no person shall be "twice put in jeopardy of life or liberty, nor shall a person be again put up for trial for the same offense."

The Double Jeopardy Clause protects against three different abuses: (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same

4

offense after a conviction, and (3) multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Lopez v. State*, 108 S.W.3d 293, 295-96 (Tex. Crim. App. 2003). Ms. Abdygapparova's claim complains about the second abuse.

As part of the protection against multiple prosecutions, the Texas Constitution and Fifth Amendment protects a defendant's valued right to have his or her trial completed by the tribunal first assigned. *Oregon v. Kennedy*, 456 U.S. 667,673, 102 S.Ct.2083 (1982). This also protects a defendant from multiple attempts by the government, with its vast resources, "to convict an individual for an alleged offense, thereby subjecting her to embarrassment, expense and ordeal and compelling her to live in a continuing state of anxiety and insecurity." *Green v. U.S.*, 355 U.S. 184, 187, 78 S.Ct.221, 2L.Ed.2d 199 (1957). Appellant, Ms. Abdygapparova has been subjected to this ordeal.

As this Court is aware, double jeopardy will bar further prosecution in some circumstances. One of these circumstances can be found in the appellant's case. The circumstance that should be reviewed here includes intentional and pervasive misconduct on the part of the prosecution to the extent that the trial is structurally impaired. Retrial would be barred when the prosecutor engages in improper conduct that is not merely the result of legal error, but constitutes intentional conduct that the prosecutor knows to be improper and prejudicial and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal and the conduct causes prejudice to the defendant which cannot be cured by means short of a mistrial.

5

*Pool v. Superior Court*, 139 Ariz.98, 677 (1984). However, in regard the appellants case, there was not a mistrial. The previous trial was completed. As the appellate court found in the previous appeal, the previous jury trial was clearly a case in which the absence of an impartial trial judge on the bench infected the entire trial process, robbing the appellant of her protections and undermining the ability of the criminal trial to reliably serve its functions as a vehicle for the determination of guilt or innocence. *Neder v. United States*, 527 U.S. 1, 8(1999).

As the 4th Court found in the first appeal, these actions of prosecutorial misconduct and judicial partiality are prevalent throughout the previous trial. There was improper ex parte communication between the assistant district attorney and trial judge. A mistrial should have been granted in the previous jury trial, however, the actions/misdeeds of the state and trial judge were not found until after the trial. These actions by the State and the trial judge were of their own doing. The appellant did not have any part or gave any cause of these actions. The state should not be granted another opportunity to prosecute Ms. Agbydapparova. The improper actions by the state and trial judge should not expose this appellant to multiple prosecutions.

This court should determine if two separate prosecutions for the charge of Murder after prosecutorial misconduct and judicial partiality violates double jeopardy. The double jeopardy provision was intended to prevent the actions that the state and trial judge used during the previous jury trial.

**PRAYER FOR RELIEF**

Appellant respectfully prays that this Honorable Court grant her Petition for Discretionary Review and reverse the decision of the 4th Court of Appeals and dismiss the charges against the appellant.

Respectfully submitted,

*/s/Shawn Sheffield*_____
Shawn Sheffield
PO Box 276343
San Antonio, Texas 78227
Ph 210-697-9090
Fx 210-591-7311
State Bar No. 24008020
Counsel for Asel Abdygapprova