PD-0916-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/14/2015 2:08:03 PM
Accepted 8/17/2015 2:26:31 PM
ABEL ACOSTA
CLERK

**PD-0916-15**

**IN THE**
**TEXAS COURT OF CRIMINAL APPEALS**
**At Austin**

No. 04-14-00393-CR
In the Court of Appeals for the
Fourth District of Texas
At San Antonio

———————————————————————

**ASEL ABDYGAPPAROVA**
**Appellant**
**v.**
**THE STATE OF TEXAS**
**Appellee**

———————————————————————

**PETITION FOR DISCRETIONARY REVIEW**
**OF APPELLANT ASEL ABDYGAPPAROVA**

———————————————————————

Shawn Sheffield
State Bar No. 24008020
PO Box 276343
San Antonio, Texas 78227
Tel:    (210) 697-9090
Fax;    (210) 591-7311
Counsel for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

August 17, 2015

ABEL ACOSTA, CLERK

## Table of Contents

Page

Table of Contents . . . . . . . . . . i

Parties. . . . . . . . . . . . ii

Statement of the Case . . . . . . . . . . 1

Statement of Procedural History . . . . . . . . . 2

Question Presented . . . . . . . . . . . 2

### REASON FOR REVIEW

Asel Abdygapparova's right to be free from double jeopardy was violated by the prosecutions intentional and pervasive misconduct and trial judges partiality during the jury trial to the extent that the trial is structurally impaired.

Statement of Facts . . . . . . . . . . 3

Argument . . . . . . . . . . . 3

Prayer for Relief . . . . . . . . . 6

Pursuant to TEX. R. APP. P. 38.1(a)(West 2008), the parties to this suit are as follows:

(1)     **ASEL ABDYGAPPAROVA,** TDCJ #01294750, Hobby Unit, 742 FM 712, Marlin, Tx 76661, is the appellant and was the defendant in trial court.

(2)     The **STATE OF TEXAS**, by and through the Bexar County District Attorney's Office, 300 Dolorosa St., 5th Floor, San Antonio, Texas 78205, is the appellee and prosecuted this case in the trial court.

The trial attorneys were as follows:

(1)     **James Oltersdorf** and **Warren Wolf** represented appellant at trial. Their address is 434 S. Main, Ste 205, San Antonio, Texas 78204.

(2)     The trial district court judge for this case was Judge Ron Rangel.

(3)     The State of Texas was represented by **SUSAN D. REED,** District Attorney, and **BILL PENNINGTON,** Assistant District Attorney, 300 Dolorosa St., 5th Floor, San Antonio, Texas 78205.

The appellate attorneys are as follows:

(1)     Asel Abdygapparova, is represented by **SHAWN SHEFFIELD**, P.O. Box 276343, San Antonio, Texas 78227.

(2)     The State of Texas is represented by the **BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE**, Appellate Division, 300 Dolorosa St., 4th Floor, San Antonio, Texas 78205.

ii

**To The Honorable Court of Criminal Appeals of Texas**

STATEMENT REGARDING ORAL ARGUMENT

Oral argument would not assist this court with determining if the Appellant's right's were violated due to double jeopardy.

## STATEMENT OF THE CASE

Appellant Asel Abdygapparova was charged by indictment in Cause No. 2001-CR-4918A with the offense of capital murder. (CR Vol.1, P.17-20). Ms. Abdygapparova was previously tried for capital murder and found guilty by a jury and sentenced to life. This finding was overturned by this court. The 4th Court reversed the conviction, holding the trial court (175th Judicial District Court), precluded appellant from receiving a fair trial and violated her due process rights by engaging in ex parte communications with the prosecutor during the trial. *Abdygapparova v State*, 243 S.W.3d 191 (Tex.App.-San Antonio 2007,pet.ref'd). The 4th Court determined that the trial was rife with prosecutorial misconduct and judicial partiality towards the State was so egregious that the ends of justice would not permit the verdicts of the jury to stand. The case was remanded for a new trial. *Id*.at 210. Ms. Abdygapparova signed a plea agreement with the trial court. The plea agreement was for a "cap" of 28 years in prison. (CR Vol.1, p583-587). Appellant also signed the "Trial Court's Certification of Defendant's Right to Appeal." (CR Vol.1, p.598) The document specifically states that this "is a plea bargain case but matters were raised by written motion filed and ruled on before trial." (CR

1

Vol.1, p 598) There were several motions filed on the appellants' behalf after the ordered remand. There were two motions that were ruled on by the trial court. (CR Vol. 1, p 588-90 and p. 476) The first denial by the trial court was the Applicants' Writ of Habeas Corpus and Plea in Bar. (CR Vol.1, p.476) The trial court's second order of denial regarded Appellant's request for dismissal of her court appointed attorney. (CR Vol. 1 p.590)

A sentencing hearing was held by Judge Rangel. Several witnesses and exhibits were heard and entered during the hearing. Following the sentencing hearing, the court assessed the full sentence of 28 years for the negotiated appeal. Appellant's trial attorney filed a "Motion to Reconsider" which the court failed to rule upon. The appellant filed a Notice of Appeal upon a Negotiated Plea. The 4th Court affirmed the finding and plea of the district court's finding.

## STATEMENT OF PROCEDURAL HISTORY

A panel of the Fourth Court of Appeals reversed the original judgment of the Trial Court. The Fourth Court remanded the case for a new trial. The case was moved from the 175th District Court to the 379th District Court. Appellant entered into a plea agreement. Appellant filed a Notice of Appeal. This counsel filed a appellant's brief. The Fourth Court of Appeals affirmed the appeal on June 4, 2015.

## QUESTION PRESENTED FOR REVIEW

Whether Asel Abdygapparova's right to be free from double jeopardy was violated by the prosecutions intentional and pervasive misconduct and trial judges partiality during the jury trial to the extent that the trial is structurally impaired.

**REASONS FOR REVIEW**

    A. The Court of Appeals has erroneously decided important questions of state and federal law that have not been, but should be, settled by the Court. Tex.R.App.P.66.3(b)


**ARGUMENT IN SUPPORT OF REASONS FOR REVIEW**

Appellant was arrested and convicted of capital murder. The appellant was convicted by a jury in the 175th District Court. Appellant appealed the conviction. The Fourth Court found that the trial court and prosecutor acted in an impartial and intentional partiality way during the jury trial. The 4th Court of Appeals reversed the trial court's decision. The appeals court determined that the trial was rife with prosecutorial misconduct and trial judges' failure to be impartial which infected the integrity of the trial process to such a degree that the ends of justice would not permit the verdict of the jury to stand. *Abdygapparova v. State*, 243 S.W.3d 191 (Tex.App.-San Antonio 2007,pet.ref'd)

By the actions of the Bexar County District Attorney's Office and the 175th District Court in the previous jury trial, the appellant was unable to obtain a fair and impartial trial. Because the right to a fair and impartial judge is fundamental to our system of justice, a criminal trial court's primary duty is to see that justice is done by assuring a fair trial with constitutional and statutory guarantees of due process. *U.S. Const.Amends. V,VI,XIV; Tex Const.art 1Sec 19.* The previous jury trial failed to protect this right. Double jeopardy protection protects a defendant's valued right to have her trial completed by the tribunal first assigned. *Oregon v. Kennedy*, 456 U.S. 667, 673, 102 S.Ct.2083 (1982).

3

Ms. Abdygrapprova's double jeopardy rights were violated by this prosectorial misconduct and trial court's judicial overreaching. The State should not have another opportunity to proceed to trial after acting as it did in the previous jury trial. The State deprived the Appellant of a fair jury trial, therefor it should not be allowed to given another opportunity. By the trial court allowing the case to proceed, the court is violating the appellant's constitutional fifth amendment rights.

U.S. CONST. amend V provides that no person "be subject for the same offence to be twice put in jeopardy of life or limb." The Fifth Amendment is applied to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). In addition, TEX. CONST. art. I, § 14, contains a similar provision that is conceptually identical to its federal counterpart. *Stephens v. State*, 806 S.W.2d 812, 814-15 (Tex. Crim. App. 1990). In a case tried to a jury, jeopardy attaches when the jury is sworn. *Ex parte Little*, 887 S.W.2d 62, 64 (Tex. Crim. App. 1994)(citing *Crist v. Bretz*, 437 U.S. 28, 35 (1978)). The double jeopardy clause of the Fifth Amendment protects a criminal defendant from multiple prosecutions for the same offense. *U.S. v. Dinitz*, 424 U.S. 600, 606, 96 S.Ct. 1075 (1976). The Texas Constitution provides the same protection in Article I, Section 14, stating that no person shall be "twice put in jeopardy of life or liberty, nor shall a person be again put up for trial for the same offense."

The Double Jeopardy Clause protects against three different abuses: (1) a second prosecution for the same offense after an acquittal, (2) a second prosecution for the same

4

offense after a conviction, and (3) multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Lopez v. State*, 108 S.W.3d 293, 295-96 (Tex. Crim. App. 2003). Ms. Abdygapparova's claim complains about the second abuse.

As part of the protection against multiple prosecutions, the Texas Constitution and Fifth Amendment protects a defendant's valued right to have his or her trial completed by the tribunal first assigned. *Oregon v. Kennedy*, 456 U.S. 667,673, 102 S.Ct.2083 (1982). This also protects a defendant from multiple attempts by the government, with its vast resources, "to convict an individual for an alleged offense, thereby subjecting her to embarrassment, expense and ordeal and compelling her to live in a continuing state of anxiety and insecurity." *Green v. U.S.*, 355 U.S. 184, 187, 78 S.Ct.221, 2L.Ed.2d 199 (1957). Appellant, Ms. Abdygapparova has been subjected to this ordeal.

As this Court is aware, double jeopardy will bar further prosecution in some circumstances. One of these circumstances can be found in the appellant's case. The circumstance that should be reviewed here includes intentional and pervasive misconduct on the part of the prosecution to the extent that the trial is structurally impaired. Retrial would be barred when the prosecutor engages in improper conduct that is not merely the result of legal error, but constitutes intentional conduct that the prosecutor knows to be improper and prejudicial and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal and the conduct causes prejudice to the defendant which cannot be cured by means short of a mistrial.

5

*Pool v. Superior Court*, 139 Ariz.98, 677 (1984). However, in regard the appellants case, there was not a mistrial. The previous trial was completed. As the appellate court found in the previous appeal, the previous jury trial was clearly a case in which the absence of an impartial trial judge on the bench infected the entire trial process, robbing the appellant of her protections and undermining the ability of the criminal trial to reliably serve its functions as a vehicle for the determination of guilt or innocence. *Neder v. United States*, 527 U.S. 1, 8(1999).

As the 4th Court found in the first appeal, these actions of prosecutorial misconduct and judicial partiality are prevalent throughout the previous trial. There was improper ex parte communication between the assistant district attorney and trial judge. A mistrial should have been granted in the previous jury trial, however, the actions/misdeeds of the state and trial judge were not found until after the trial. These actions by the State and the trial judge were of their own doing. The appellant did not have any part or gave any cause of these actions. The state should not be granted another opportunity to prosecute Ms. Agbydapparova. The improper actions by the state and trial judge should not expose this appellant to multiple prosecutions.

This court should determine if two separate prosecutions for the charge of Murder after prosecutorial misconduct and judicial partiality violates double jeopardy. The double jeopardy provision was intended to prevent the actions that the state and trial judge used during the previous jury trial.

## Compliance with TRAP 9.4(i)(3)

This is to certify that this Petition for Discretionary review complies with Texas

Rules of Appellate Procedure 9.4(i)(3).   The word count for this document is 2,087.

/s/Shawn Sheffield

Shawn Sheffield

### PRAYER FOR RELIEF

Appellant respectfully prays that this Honorable Court grant her Petition for

Discretionary Review and reverse the decision of the 4th Court of Appeals and dismiss the

charges against the appellant.

Respectfully submitted,

*/s/Shawn Sheffield*_____
Shawn Sheffield
PO Box 276343
San Antonio, Texas 78227
Ph 210-697-9090
Fx 210-591-7311
State Bar No. 24008020
Counsel for Asel Abdygapprova

**APP 1**



# Fourth Court of Appeals
## San Antonio, Texas
### MEMORANDUM OPINION

No. 04-14-00393-CR

Asel **ABDYGAPPAROVA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2001CR4918A
Honorable Ron Rangel, Judge Presiding

Opinion by:  Sandee Bryan Marion, Chief Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 4, 2015

AFFIRMED

In 2005, a jury found appellant guilty of capital murder and assessed punishment at life in prison. A panel of this court reversed the trial court's judgment and remanded the cause for a new trial. *See Abdygapparova v. State*, 243 S.W.3d 191 (Tex. App.—San Antonio 2007, pet. ref'd).

On July 28, 2010, appellant filed a "Petition for Writ of Habeas Corpus and Plea in Bar," arguing double jeopardy prevented the State from retrying her and asking the trial court to dismiss with prejudice the indictment against her. On January 7, 2011, the trial court denied the requested relief. Appellant appealed and, on September 7, 2011, a panel of this court affirmed the trial court's order

denying habeas corpus relief. *Ex parte Abdygapparova*, No. 04-11-00093-CR, 2011 WL 3916814 (Tex. App.—San Antonio Sept. 7, 2011, no pet.).

After several continuances of her trial, appellant entered into a plea agreement, pleading nolo contendere to murder. The trial court accepted the plea, followed the plea agreement, and sentenced appellant to a cap of twenty-eight years' confinement. The trial court later signed a Certification of Defendant's Right of Appeal, stating this "is a plea-bargain case, but matters were raised by written motion and filed and ruled on before trial and not withdrawn or waived, and the defendant has the right to appeal." According to appellant, only two motions were ruled on before trial: her petition for writ of habeas corpus and a motion to dismiss court-appointed counsel. In this appeal, appellant argues her "right to be free from double jeopardy was violated by the prosecution's intentional and pervasive misconduct and the trial judge's partiality during the jury trial to the extent that the trial is structurally impaired." We interpret this complaint as asserting the trial court erred in denying appellant's 2010 "Petition for Writ of Habeas Corpus and Plea in Bar."

## DISCUSSION

In this appeal, appellant asserts the actions of the Bexar County District Attorney's Office and the trial judge prevented her from having a fair trial, which resulted in her 2005 conviction. Appellant argues the State should not have another opportunity to proceed to trial "after acting as it did in the previous jury trial." Appellant concedes this same issue was raised in her 2011 appeal, but she contends the issue should be reviewed again in this appeal. We disagree.

"A habeas corpus proceeding has always been regarded as separate from the criminal prosecution . . . ." *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); *Ex parte Matthews*, 452 S.W.3d 8, 12 (Tex. App.—San Antonio 2014, no pet.) ("habeas corpus proceeding is not merely another motion within the criminal

- 2 -

prosecution"). "'When habeas corpus is used as a vehicle for raising matters pretrial in a pending criminal prosecution, the difference between the pending prosecution and the habeas corpus proceeding is both more subtle and more significant. An order denying relief on the merits is a final judgment in the habeas corpus proceeding," and is, therefore, immediately appealable. *Greenwell*, 159 S.W.3d at 649-50 (quoting 43 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 47.51, at 219-20 (2d ed. 2001)).

The right to appeal from the denial of habeas corpus relief occurs "because the habeas proceeding is in fact considered a separate 'criminal action,' and the denial of relief marks the end of the trial stage of that criminal action and the commencement of the timetable for appeal." *Id.* at 650; *see also Ex parte Matthews*, 452 S.W.3d at 13-14. "The appealability of a habeas proceeding turns not upon the nature of the claim advanced but upon the use of the procedure itself and the trial court's decision to consider the claim (i.e. 'issue the writ')." *Greenwell*, 159 S.W.3d at 650. Thus, "[i]n the double jeopardy context, an immediate appeal from the denial of relief in a habeas corpus proceeding is permitted even though an immediate appeal would not be permitted when the same claim was raised only in a pretrial motion to dismiss." *Id.*

Here, appellant pursued her right to an immediate appeal of the same order denying the same relief that she now attempts to appeal in this case. Except this time, she attempts her appeal pursuant to Texas Rule of Appellate Procedure 25.2(a)(2). However, as noted above, the denial of an application for writ of habeas corpus is immediately appealable. Appellant's "Petition for Writ of Habeas Corpus and Plea in Bar" was denied on January 7, 2011 and she immediately appealed. After considering the merits of appellant's appeal, this court affirmed the trial court's order denying habeas corpus relief. *See Ex parte Abdygapparova*, 2011 WL 3916814, *2. Our resolution of the issues raised in that appeal constitutes the law of the case. *See, e.g., State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014) (observing that, under law of the case

doctrine, appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue; "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution"); *Janecka v. State*, 937 S.W.2d 456, 466 (Tex. Crim. App. 1996) (explaining that law of the case doctrine applies unless there are "changes of pertinent law or facts"); *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987) (deferring to law of the case doctrine because identical issue in present case was resolved in prior case).

In this appeal, appellant states: "This court was presented with an appeal of the Writ of Habeas Corpus with a similar argument, however, more analysis is necessary regarding the issue presented in this brief." Other than this single sentence, appellant provides no reason for us to revisit our 2011 decision. *See Ex parte Granger*, 850 S.W.2d 513, 516 (Tex. Crim. App. 1993) ("The [law of the case] doctrine is required by neither constitution nor statute, however; it is merely a court-made prudential doctrine designed to promote judicial consistency and efficiency. . . . As such, it should be disregarded when compelling circumstances require a redetermination of the point of law decided on the prior appeal."). Under these circumstances, we affirm the trial court's order denying habeas corpus relief.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

Do not publish

- 4 -



# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-14-00393-CR

Asel **ABDYGAPPAROVA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2001CR4918A
Honorable Ron Rangel, Judge Presiding

BEFORE CHIEF JUSTICE MARION, JUSTICE MARTINEZ, AND JUSTICE CHAPA

In accordance with this court's opinion of this date, the trial court's judgment is AFFIRMED.

SIGNED June 3, 2015.

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice