**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00038-CR**
_____

**EX PARTE ELIZABETH ANN GARRELS**

_____

**On Appeal from the County Court at Law No. 5**
**Montgomery County, Texas**
**Trial Cause No. 17-29859**
_____

**MEMORANDUM OPINION**

Appellant, Elizabeth Ann Garrels, appeals the trial court's denial of her application for a pretrial writ of habeas corpus. In her application she argued that double jeopardy barred further prosecution after the trial judge granted a mistrial.

Garrels was charged with driving while intoxicated. After a jury had been sworn and testimony had begun, the defense objected to certain expert testimony under article 39.14(b) of the Texas Code of Criminal Procedure and argued that the State had not timely designated the expert witness. *See* Tex. Code Crim. Proc. Ann.

art. 39.14(b) (West Supp. 2018).[1] The State acknowledged that "formal written notice" of the identity of the testifying witness was not provided to the defense until the week before trial, but the State argued that there was no surprise to the defense and that the identity of the witnesses has been "well-known to the defense weeks prior [to the deadline required by article 39.14(b).]" The State argued that the appropriate remedy would be a continuance of the trial and not the exclusion of testimony. Defense counsel voiced opposition to a continuance:

> Judge, the only argument I would make is that granting a continuance would allow the state an improper way out of their own mistake by violating the statute and would prejudice Ms. Garrels in an unfair manner. They've had at least one continuance on this case on [a] trial date. And [in] the alternative, we would renew our original request from the Court to strike all the testimony of all expert witness[es] untimely provided by the state in this case.

After a discussion about the appropriate remedy for failure to disclose an expert timely under article 39.14(b), the trial court sua sponte granted a mistrial:

> THE COURT: All right. I'm just going to grant a mistrial on my own. Y'all can deal with it and decide what to do going forward. I think the short amount of time that he's had the discovery and the statute being pretty clear black lettering, I don't have any -- [the] legislature didn't give me any instruction and there [are] no cases that are new enough. I guess y'all will figure out what to do going forward.
>
> [Prosecutor]: Judge, if you wanted to make some findings related to manifest necessity to see if that fits.

---

[1] We cite the current version of the statute as subsequent amendments do not affect our disposition.

THE COURT: What I would say is during jury selection we told the jury we would be here Monday, Tuesday, Wednesday and not past that, and that they have the ability to pick between five different court dates to show up. So[,] they were all expecting to have their jury service this week. They told me three days. They told me they didn't have any conflicts in those three days. Now, we're talking about having them coming back July 27th. Puts me on vacation before my kids go back to school or some other time after that. And I can't reset them to some other time after that. I would have to give them a specific set date. I don't think that's a reasonable or even remotely reasonable use of judicial resources. So[,] I don't think that the alternative of admitting all the evidence would be fair, nor do I think it would survive an appeal, based on the fact that it's so defective time wise; three days as opposed to 20 days. So[,] I don't feel like the Court has any other option at this point in time.

[Prosecutor]: Thank you, Judge. Just to be clear[,] the state[] respectfully objects to the granting of a mistrial.

THE COURT: Okay. All right.

After the mistrial, Garrels filed an application for a pretrial writ of habeas corpus, in which she asserted that double jeopardy bars further prosecution because the trial court had granted a mistrial and the trial court made no finding that manifest necessity existed for a mistrial. The trial court signed an order denying Garrels's application. We affirmed the trial court's order based on implied consent. *See Ex parte Garrels*, No. 09-17-00038-CR, 2017 Tex. App. LEXIS 4225 (Tex. App.—Beaumont May 10, 2017) (mem. op., not designated for publication). The Texas Court of Criminal Appeals reversed and remanded the matter to this Court, finding the record insufficient to establish implied consent to the mistrial, and instructing

3

this Court on remand to consider manifest necessity. *See Ex parte Garrels*, No. PD-0710-17, 2018 Tex. Crim. App. LEXIS 903, at \*17 (Tex. Crim App. Sept. 19, 2018). Garrels and the State filed supplemental briefing on manifest necessity.

In her supplemental brief, Garrels contends that the trial court abused its discretion by sua sponte declaring a mistrial because manifest necessity did not exist to declare a mistrial. The State in its supplemental brief concedes that no manifest necessity warranted the mistrial, and double jeopardy bars Appellant's retrial. The State also agrees that habeas corpus relief should be granted. Accordingly, we sustain Appellant's issue.

Having concluded that the trial court erred by denying Appellant's application for writ of habeas corpus, we reverse the trial court's order. We remand this case to the trial court with instructions to enter an order discharging Appellant and barring further prosecution for the same offense. *See Ex parte Little*, 887 S.W.2d 62, 67-68 (Tex. Crim. App. 1994).

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

4

Submitted on November 20, 2018
Opinion Delivered December 5, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.