# NO. 12-21-00168-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | *APPEAL FROM THE* |
| *EX PARTE:* | § | *COUNTY COURT* |
| *RUSH MILLER HERRINGTON* | § | *ANDERSON COUNTY, TEXAS* |

## *OPINION*

Rush Miller Herrington appeals the trial court's denial of his pretrial application for a writ of habeas corpus based on the double jeopardy doctrine. We reverse and remand.

## BACKGROUND

Appellant was charged by information with driving while intoxicated, first offense, on March 21, 2019. On June 29, the matter was called for trial announcements. Both Appellant and the State announced "ready." Voir dire was then conducted, and jury was empaneled and sworn. After the jury was empaneled, the State learned that its key witness, a Texas Department of Public Safety trooper, had been deployed to the Texas border. Previously, the State had notified the trooper of trial and believed he would be available and present for trial. The State then met with Appellant's counsel and the trial court to notify them the witness was unavailable. The trial court declared a mistrial, citing that it was unknown when the witness would be available.

In August 2021, Appellant filed a pretrial application for writ of habeas corpus. He argued that he is currently on bond and awaiting trial for the driving while intoxicated charge and that a second trial is barred by double jeopardy. Following a hearing, the trial court denied the motion. This appeal followed.

In his sole issue, Appellant challenges the trial court's denial of his application for a writ of habeas corpus. He asserts that he did not consent to the mistrial and that no manifest necessity existed for the trial court to sua sponte declare a mistrial. Accordingly, Appellant argues, further prosecution of the pending charge is barred by the Fifth Amendment's Double Jeopardy Clause.

**Standard of Review and Governing Law**

We generally review a trial court's decision on an application for a writ of habeas corpus for an abuse of discretion. *Ex parte Perez*, 525 S.W.3d 325, 333 (Tex. App.—Houston [14th Dist.] 2017, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Ex parte Allen*, 619 S.W.3d 813, 816 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). In making this determination, we view the evidence in the light most favorable to the trial court's ruling and accord great deference to the trial court's findings and conclusions. *Parrish v. State*, 38 S.W.3d 831, 834 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). "Absent a clear abuse of discretion, we accept the trial court's decision whether to grant the relief requested in a habeas corpus application." *Id*.

Under the Fifth Amendment, a criminal defendant may not be put in jeopardy twice for the same offense. *See* U.S. CONST. amend. V; *Ex parte Little*, 887 S.W.2d 62, 64 (Tex. Crim. App. 1994) (en banc); *Ex parte Perez*, 525 S.W.3d at 333. Jeopardy attaches when a jury is impaneled and sworn. *Parrish*, 38 S.W.3d at 834. Because jeopardy attaches at this point, the Constitution "confers upon a criminal defendant a 'valued right to have his trial completed by a particular tribunal.'" *Ex parte Garza*, 337 S.W.3d 903, 909 (Tex. Crim. App. 2011) (quoting *Wade v. Hunter*, 336 U.S. 684, 688, 69 S. Ct. 834, 93 L. Ed. 974 (1949)). Accordingly, the premature termination of a criminal prosecution via the declaration of a mistrial, if it is against the defendant's wishes, ordinarily bars further prosecution for the same offense. *Id*.; *see also Parrish*, 38 S.W.3d at 834.

But as an exception to this general rule, further prosecution is not barred if there was a "manifest necessity" to grant the mistrial. *Ex parte Garza*, 337 S.W.3d at 909; *Ex parte Perez*, 525 S.W.3d at 334. The trial court's discretion to declare a mistrial based on manifest necessity is limited to and must be justified by extraordinary circumstances. *Ex parte Perez*, 525 S.W.3d at 334. "As a general rule, manifest necessity exists where the circumstances render it impossible to

reach a fair verdict, where it is impossible to proceed with trial, or where the verdict would be automatically reversed on appeal because of trial error." ***Parrish***, 38 S.W.3d at 834.

Under this framework, the defendant and the State have shifting burdens. "Once the defendant shows he is being tried for the same offense after declaration of a mistrial to which he objected, a heavy burden shifts to the State to justify the trial court's declaration of a mistrial." ***Ex parte Garza***, 337 S.W.3d at 909. Accordingly, it is the State's burden to demonstrate the manifest necessity for a mistrial. ***Ex parte Perez***, 525 S.W.3d at 334.

In addition, before it grants a mistrial on grounds of manifest necessity, the trial court first must determine whether alternative courses of action are available and, if so, choose one less drastic than a mistrial. ***Parrish***, 38 S.W.3d at 835. Specifically, the trial court must "carefully and deliberately consider which of all the alternatives best balances the defendant's interest in having his trial concluded in a single proceeding with society's interest in fair trials designated to end in just judgments." ***Ex parte Fierro***, 79 S.W.3d 54, 56 (Tex. Crim. App. 2002) (en banc). But the trial court is not required to expressly articulate the basis for the mistrial in order to justify it to a reviewing court, so long as manifest necessity is apparent from the record. ***Ex parte Perez***, 525 S.W.3d at 334.

As the reviewing court, we determine (1) whether the trial court acted irrationally or irresponsibly, and (2) whether the mistrial order reflects the sound exercise of discretion. ***Parrish***, 38 S.W.3d at 835. "[I]f the record shows that the trial judge exercised sound discretion in finding a manifest necessity for a retrial, the judge's *sua sponte* declaration of a mistrial is not incorrect just because the reviewing court might have ruled differently." ***Id***.

## Analysis

The State concedes that Appellant did not consent to the granting of a mistrial at his first trial. Therefore, the relevant inquiry is whether the trial court abused its discretion in determining manifest necessity existed.

Appellant urges no manifest necessity existed because the State announced "ready" without ensuring its witness was available and ready for trial. In support of his argument, Appellant cites to ***Cornero v. United States***, 48 F.2d 69 (9th Cir. 1931). In ***Cornero***, the defendant, along with seven others, was charged with conspiracy. ***Id.*** at 69. The prosecutor proceeded to empanel the jury without ascertaining the whereabouts of two witnesses. ***Id.*** Those witnesses were two of the codefendants who had previously pleaded guilty and were out

on bond. *Id.* The prosecutor did not subpoena the witnesses and instead assumed that they would be present for trial. *Id.* After the jury was empaneled, the prosecutor learned his witnesses were absent and moved for a continuance. *Id.* The trial court instead discharged the jury. *Id.* On appeal, the Ninth Circuit held on appeal that manifest necessity did not exist. *Id.* at 73. The court held "mere absence of witnesses discovered after the jury is impaneled is insufficient to deprive the accused of his right to claim former jeopardy upon a subsequent trial where the jury is discharged without his consent and notwithstanding his objection." *Id.*

The State contends that *Cornero* is distinguishable. Specifically, the State contends that, even though it did not subpoena its witness, it notified the witness of trial and the witness responded that he would be available and present. Furthermore, the State notes that its witness was not a codefendant and was a trooper with the Texas Department of Public Safety who had been deployed to the border without its knowledge. The State also points to *Ex Parte Rodriguez*, 366 S.W.3d 291 (Tex. App.—Amarillo 2012, pet. ref'd) to support its assertion that a missing witness can create manifest necessity. However, *Rodriguez* dealt with photographs that the State failed to disclose until trial, which could have been examined by a defense expert witness if they had been timely disclosed. *Id.* at 297-98. The court concluded that a lengthy continuance was not a reasonable alternative under the circumstances, a mistrial was appropriate, and double jeopardy did not bar a retrial. *Id.* at 298-99.

The Supreme Court, in *Downum v. United States*, 372 U.S. 734, 737-38, 83 S. Ct. 1033, 10 L. Ed. 2d 100 (1963), explained that the double jeopardy inquiry focuses on the state's knowledge at the time the jury is empaneled. The Court emphasized that when a prosecutor empanels a jury "without first ascertaining" that his witnesses are present and available to testify, the prosecutor "t[akes] a chance." *Id*. 372 U.S. at 737, 83 S. Ct. at 1035 (quoting *Cornero*, 48 F.2d 69, 71 (9th Cir. 1931)). According to the Court, under these circumstances, the prosecutor has "entered upon the trial of the case without sufficient evidence to convict," thereby assuming the risk of jeopardy attaching in the face of weak government evidence. *Id*. (citation omitted). Thus, the essence of the Court's holding in *Downum* is that when a prosecutor agrees to the empaneling of a jury, gambling that his missing witness will appear in time to testify, the prosecutor subjects his case to a defendant's later plea of double jeopardy. *See id*. 372 U.S. at 737-38, 83 S. Ct. at 1035. As the Court explicitly stated, "[w]e resolve any doubt in favor of the liberty of the citizen, rather than exercise what would be an unlimited, uncertain, and arbitrary

4

judicial discretion." *Id*. 372 U.S. at 738, 83 S. Ct. 1035-6 (internal quotation marks and citation omitted). Applying this standard, other appellate courts have determined the absence of a material witness did not create a manifest necessity. *See Seay v. Cannon*, 927 F.3d 776, 782 (4th Cir. 2019); *United States v. Stevens*, 177 F.3d 579, 585-89 (6th Cir. 1999); *State v. Rowlands*, 343 S.E.2d 717, 719-20 (S.C. Ct. App. 2000).

We agree with Appellant that this fact situation is aligned more closely with that in *Cornero* than *Rodriguez*. The State did not secure its witness or ensure he was present and available before announcing "ready" and empaneling the jury. Once the court swore the jury, the State's predicament shifted from the need for a continuance to a failure of proof. Because the State failed to establish its burden of demonstrating manifest necessity, we conclude the trial court abused its discretion in finding manifest necessity existed for the mistrial and denying Appellant's motion for a writ of habeas corpus. *See Ex parte Perez*, 525 S.W.3d at 334. We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we *reverse* the order denying Appellant's application for a writ of habeas corpus and order the information dismissed. We *remand* the case to the trial court for further proceedings consistent with this opinion.

JAMES T. WORTHEN
Chief Justice

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-21-00168-CR**

**EX PARTE: RUSH MILLER HERRINGTON**

Appeal from the County Court
of Anderson County, Texas (Tr.Ct.No. 65746)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in the trial court's order denying Appellant's application for a writ of habeas corpus, it is ORDERED, ADJUDGED and DECREED by this Court that the order denying Appellant's application for a writ of habeas corpus be **reversed** and order the information dismissed and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*